**Sarup SINGH, Petitioner,**

v.

**John D. ASHCROFT, Attorney General, Respondent.**

No. 03–1497.

United States Court of Appeals, First Circuit.

Jan. 16, 2004.

Earle A. Sylva, with whom Rai & Associates, P.C. was on brief, for petitioner.

Nancy E. Friedman, Attorney, Office of Immigration Litigation, Civil Division, with whom Peter D. Keisler, Assistant Attorney General and Richard M. Evans, Assistant Director, were on brief, for respondent.

Before TORRUELLA, Circuit Judge, LOURIE,* Circuit Judge, and HOWARD, Circuit Judge.

PER CURIAM.

Sarup Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of the Immigration Judge ("IJ") to deny his application for asylum and withholding of removal. We review BIA decisions regarding eligibility for asylum for substantial evidence, upholding the BIA's decision unless the alien shows "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *I.N.S. v. Elías–Zacarías,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). When the BIA affirms without opinion, as here, this Court reviews the IJ's decision. *Quevedo v. Ashcroft,* 336 F.3d 39, 43 (1st Cir.2003).

An asylum applicant "bears the burden of establishing eligibility for asylum by proving either past persecution or a well-founded fear of persecution." *Velásquez v. Ashcroft,* 342 F.3d 55, 58 (1st Cir.2003). Singh contends that the IJ erred in determining that he had not established past persecution or a well-founded fear of fu-

---

* Of the Federal Circuit, sitting by designation.

222

ture persecution on the basis of religion, political opinion, or imputed political opinion.

Singh's testimony, which the IJ found credible and consistent with contemporaneous reports of Sikh separatist violence in Punjab, focused on the political pressures he faced in his village as a public official who practiced the Sikh religion. According to Singh, the anti-government Sikh separatists demanded his assistance as a fellow Sikh and the Indian police demanded his allegiance to the government. The event at the center of his asylum claim occurred on August 19, 1990, when armed, masked men on motorcycles interrupted a meeting of public officials. Singh and several others fled the meeting as the masked men opened fire. Singh later learned that the attackers' guns were marked with the initials of the Bendravala Tiger Force ("BTF"), an anti-government Sikh group. After a period of hiding, during which Singh testified that both the BTF and the Indian police questioned his family about his whereabouts, Singh left India, fearing for his safety. Singh testified that he is aware of many wrongful deaths that have occurred in India since his departure and that he fears for his safety if he returns. Singh still owns his farm in India, where his wife and four children still reside.

The IJ found that Singh's testimony, while credible, failed to establish that a reasonable person in his circumstances would fear persecution on the basis of any of the protected grounds, today or at the time he left India. While acknowledging that Singh may have been frightened by the incident at the meeting and concerned that police suspected him of involvement with the militants, the IJ found that the evidence failed to demonstrate that the police would not have protected Singh or that they would currently have any reason to suspect him of any political activity if he were to return. Although ethnic and religious strife continues in India, the IJ found that with respect to the Sikh separatist movement in Punjab the violence has decreased significantly since 1993.

Singh failed to indicate either that he could not have remained in India by relocating—as many others did, some of whom have since returned to Punjab—or that he would suffer any threat of harm if he were to return to India at this time. Importantly, Singh's wife and children appear to have lived continuously in their village without incident and his wife even served as a public official after Singh's departure from India. The evidence in the record does not compel the conclusion that Singh was or would be persecuted in India. The BIA's affirmance of the IJ's decision is thus supported by substantial evidence.[1]

Accordingly, the BIA's decision is affirmed.

***Affirmed.***

---

1. Singh's withholding of removal claim also fails, as the "well-founded fear" standard for asylum is less stringent than the "more likely than not" standard for withholding of removal. *Alvarez–Flores v. I.N.S.*, 909 F.2d 1, 4 (1st Cir.1990).